Dear Ms. King:
You ask us to determine whether you may hold the position of town clerk of Newellton and also the position of police juror should you be elected.
Our research reflects that you have made this inquiry to our office on a previous occasion. In Attorney General Opinion 94-6, this office instructed:
 On the assumption that the position of town clerk is full-time, you would be prohibited from holding the appointive position at the same time as the elected position on the Parish Police Jury. That does not mean you cannot hold the appointive position and at the same time seek the elective office, but you would have to resign the appointed position if elected if it is a "full-time" appointive position.
The law supporting our conclusion in Attorney General Opinion 94-6 remains unchanged. See R.S. 42:63(D)[1], R.S. 42:62(2), (4) and (5)[2].
If in fact you now hold part-time appointive office as town clerk [see R.S. 42:62(5)], the prohibition would no longer be applicable. Again, in either case you may seek the elective office of police juror, and must resign the position of town clerk only in the event that the latter position is held on a full-time basis.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK/ams
Date Released: March 21, 2003
[1] R.S. 42:63(D) provides:
D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under
[2] R.S. 42:62(2), (4) and (5) provide, respectively:
(2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
 ********
(4) "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
OPINION NUMBER 94-6
February 17, 1994
A person holding an elected position in a political subdivision of this state cannot hold a full-time appointive position as Town Clerk, unless as an elected town alderman.
R.S. 42:62
R.S. 33:381
78 — Officers — dual officeholding
Ms. Rhonda King Town Clerk Rt. 1, Box 127 Newellton, La. 71357
Dear Ms. King:
This office is in receipt of your request for an opinion of the Attorney General in regard to a question on dual officeholding. You indicate you are presently serving as an appointed town clerk and are interested in seeking election on the Parish Police Jury. You ask if you can hold both offices.
To answer your question attention must be given to the law relative to dual officeholding as set forth in R.S. 42:63 (D). It provides no person holding an elective office in a political subdivision of this state, which would be a member of the parish police jury, shall at the same time hold another elective office or full-time appointive office in the government of this State or a political subdivision thereof, which would be a town, or hold at the same time employment in the government of this State or in the same political subdivision in which he holds elective office.
Therefore, if the position of town clerk, were employment there would be no prohibition since it is not in the same political subdivision as a parish elective position. Moreover, under R.S. 33:381, as an exception to the dual officeholding law, an alderman may hold the position of clerk in the same political subdivision.
However, a person holding elective office in a political subdivision cannot hold a full-time appointive office in a political subdivision of the state, and you state your position is appointive. We find this correct under R.S. 33:386, and under the definition in R.S. 42:62 (2) which defines "appointive office" as follows:
 * * * any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a government body composed of such officials of this state or of a political subdivision thereof.
Full time is defined in R.S. 42:62 (5) as at least seven hours per day of work and at least thirty-five hours per week of work.
On the assumption that the position of town clerk is full-time, you would be prohibited from holding the appointive position at the same time as the elected position on the Parish Police Jury. That does not mean you cannot hold the appointive position and at the same time seek the elective office, but you would have to resign the appointed position if elected if it is a "full-time" appointive position.
We hope this sufficiently answers your question, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR